IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

| | | |
|---|---|---|
| **JEFFERY A. NORRIS,** | ) | Case No. C-1-01-374 |
| | ) | |
| Plaintiff, | ) | Judge Beckwith |
| | ) | Magistrate Hogan |
| -vs- | ) | |
| | ) | |
| **FLOYD LOLLA, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER (DOC. 33) FILED SEPTEMBER 7, 2003**

NOW COMES Plaintiff Jeffery A. Norris ("Plaintiff"), by and through Counsel, and for his response to the Court's Order dated September 7, 2003 (Doc. 33), submits the following Memorandum:

**MEMORANDUM**

Plaintiff respectfully asks that this matter be rescheduled as a status conference in approximately thirty to sixty days. As the Court is aware, the case has had somewhat of a tortuous history. Initially, Plaintiff obtained judgment by default against Defendant once and proceeded in presenting evidence of damages to the Court pursuant to the judgment by default. The Court issued a Report and Recommendation recommending judgment by default against Defendant. Apparently, after the Report and Recommendation was issued, the District Court overruled the Court's recommendation based on information submitted in

PRATT & SINGER
CO., L.P.A.
301 North Breiel Blvd.
Middletown, OH 45042
Tel (513) 705-9000
Fax (513) 705-9001

conjunction with written objections filed by Defendant but never served upon Plaintiff.

As the Court is aware, there was a great deal of confusion surrounding the Defendant's objections. Plaintiff did not receive a copy of the objections or the accompanying documents until March 6, 2003.[1]

Based upon the District Court's decision, this matter was scheduled for a status conference on May 8, 2003. Even though he received notice, Defendant did not contact the Court. At the conference, there was a great deal of discussion concerning Mr. Lolla, his financial situation, and whether Plaintiff could collect even if he obtained judgment against Defendant. Consequently, there was also some discussion regarding the *possibility* of either voluntarily dismissing the claims or pursuing them in another forum. While there was some discussion regarding a possible dismissal, counsel for Plaintiff indicated to the Court that it could only do so with the Plaintiff's consent.

Also, there was a suggestion that Plaintiff would make further inquiry to verify the information presented by Defendant in his documents and to determine the viability of collection if Plaintiff's claims are successfully prosecuted. This

---

[1] Despite receiving the Court's Show Cause Order dated February 26, 2003, Plaintiff's counsel never received a copy of the written objections filed by Defendant. Until then, Plaintiff was unaware that any objections were filed and Plaintiff never received a copy of them. Through his assistant, Plaintiff's counsel contacted the Court on March 4, 2003 to request that a copy of the objections be forwarded for response. The clerk advised that the document could not be faxed and that someone would personally have to pick up a copy from the Clerk's office. On March 6, 2003, Plaintiff's counsel personally appeared at the Clerk's office to obtain a copy. The clerk advised that the file could not be located. Then, Plaintiff's counsel went to Magistrate Judge Hogan's courtroom to see if the file or a copy of the objections could be located. After a series of calls, Magistrate Judge Hogan's law clerk advised that the file could not be located. Later that afternoon, at approximately 4:45 p.m., a clerk contacted counsel's secretary and advised that the objections were located and would be faxed.

Pratt & Singer
Co., L.P.A.
301 North Breiel Blvd.
Middletown, OH 45042
Tel (513) 705-9000
Fax (513) 705-9001

involves an inquiry with respect to Defendant, his personal circumstances, and with respect to the information he provided the Court.

While prior to filing suit, Plaintiff conducted an investigation of the situation, Defendant has presented some information that is not consistent with the information revealed from prior inquiry. Therefore, through counsel, Plaintiff has undertaken some additional investigation concerning the Defendant's financial status and other circumstances in order to fully determine the merits of proceeding. However, admittedly, the process has been slow because of the quite unusual circumstances and points raised by Defendant; Plaintiff's counsel has encountered some difficulty in verifying Defendant's statements and assertions.

Plaintiff's counsel simply needs additional time to complete its investigation, assemble the information, and report the findings to his client so as to allow Plaintiff to make a full determination with respect to this matter. Plaintiff's counsel proposes thirty to sixty days in order to complete this. At that time, Plaintiff can report to the Court, either through a status conference, by telephone or otherwise.

Accordingly, Plaintiff's counsel respectfully requests this additional time to complete its inquiry and present its findings to his client in connection with a final decision. Plaintiff also respectfully requests that, in the interest of justice, this matter not be dismissed for lack of prosecution in light of the foregoing and in light of the procedural history of the case. The case has been pending for some time, but not through the fault of Plaintiff. Most, if not all, of the issues that have come up in the course of this litigation have been confounded by the fact that Defendant is

PRATT & SINGER
CO., L.P.A.
301 North Breiel Blvd.
Middletown, OH 45042
Tel (513) 705-9000
Fax (513) 705-9001

proceeding *pro se*. Plaintiff has spent a considerable amount of time and resources to obtain its judgment by default only to spend additional time and resources attending hearings and responding to objections which he did not receive a copy of until over a month after they were filed. Plaintiff has tried to prosecute its case as efficiently as possible. Part of this efficiency requires that Plaintiff be given an opportunity to complete his inquiry, before a dismissal, so that Plaintiff can make a fully informed decision on how to proceed in light of the information supplied by Defendant and hopefully capable of verification by Plaintiff's counsel.

Respectfully submitted,

**PRATT & SINGER CO., L.P.A.**
Attorneys for Plaintiff

_____
James Papakirk (0063862)
301 North Breiel Blvd.
Middletown, Ohio 45042
(513) 705-9000
(513) 705-9001 (facsimile)

PRATT & SINGER
CO., L.P.A.
301 North Breiel Blvd.
Middletown, OH 45042
Tel (513) 705-9000
Fax (513) 705-9001

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following via ordinary mail, postage prepaid, this 22nd day of September, 2003:

Floyd Lolla
1912 N. Gent Avenue
Indianapolis, Indiana 46202

James Papakirk (0063862)
Attorney for Plaintiff

PRATT & SINGER
CO., L.P.A.
301 North Breiel Blvd.
Middletown, OH 45042
Tel (513) 705-9000
Fax (513) 705-9001