IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey A. Norris | ) | |
| Plaintiff | ) | Case No. C-01-374 |
| vs. | ) | |
| Floyd Lolla, et al., | ) | |
| Defendants. | ) | |

### REQUEST FOR APPOINTMENT OF COUNSEL (proposed order attached)

Comes now the Defendant, Floyd Lolla, pro se, and request the court to appoint counsel in the above cause of action. In support, Defendant would offer the following:

1. That on or about January 5, 2001, Plaintiff filed the above cause of action against Defendant Floyd Lolla (hereafter referred to as Defendant Lolla);

2. That on or about September 11, 2002, the court entered a default judgment against Defendant Lolla;

3. That on or about March 3, 2002, pursuant to correspondence from Defendant Lolla, the court rescinded its grant of summary judgment and order that the case proceed;

4. That Defendant Lolla has been given notice of the taking of his deposition and said deposition is scheduled for February 23, 2004;

5. That Defendant Lolla has no legal training and is in no way in a position to defend himself against the allegations contained in Plaintiff's complaint;

6. That Defendant Lolla is a senior citizen who lives on his disability and a four (4) hour a day job, which pays him $6.50 an hour;

7. That if Defendant Lolla is appointed counsel, it is his belief that the complaint against him can/will be dismissed;[*]

8. That Defendant Lolla needs appointment of counsel to assist in the protection and preservation of all his legal rights.

WHEREFORE, Defendant Lolla prays that the court grant this motion, appoint counsel and for all other relief which the court deems appropriate.

Respectfully submitted,

*Floyd Lolla*
Floyd Lolla, Defendant

## AFFIRMATION

I, Floyd Lolla, affirm under the penalties of perjury, affirm that all of the statements contained in the above Request for Appointment of Counsel are true accurate to the best of my knowledge and belief.

*Floyd Lolla*
Floyd Lolla, Defendant

---

[*] In order to maintain Defendant Lolla as a party, Plaintiff, in paragraphs 9, 10 and 11, of his complaint, states that he and Defendant worked together and knew each other. Defendant Lolla strongly maintains that this is not true. Defendant Lolla has never worked with or met Plaintiff., as Defendant Lolla lives in Indianapolis, Indiana and the Plaintiff resides in Ohio. Further, in an effort to explain the residential differences, Plaintiff's complaint states that Defendant Lolla and the Plaintiff met in Indiana while the Plaintiff was attending a seminar. However, Defendant Lolla has never attended a seminar in his life.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing request for counsel has been served upon the James Papakirk, Attorney for Plaintiff, located at 301 N. Breiel Boulevard, Middletown, Ohio, 45042 by placing a copy of the same in the U. S. first class mail, postage pre-paid this _17_ day of February 2004.

_____

1912 West

Indpls, Ind

46202

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeffrey A. Norris | ) | |
| Plaintiff | ) | Case No. C-01-374 |
| vs. | ) | |
| Floyd Lolla, et al., | ) | |
| Defendants. | ) | |

## ORDER

Comes now Defendant, Floyd Lolla, and files his Request for Appointment of Counsel, and the Court, after being duly advised in the premises, now finds that motion should be **GRANTED.**

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's motion be granted and_____be appointed to represent Defendant Floyd Lolla in this pending action.

**ALL OF WHICH IS ORDERED** this _____ day of _____, 2004

                                                                 Sandra S. Beckwith
                                                                 United States District Judge