# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION
# (AT CINCINNATI)

| | | |
|---|---|---|
| **JEFFERY A. NORRIS,** | ) | Case No. C-1-01-374 |
| | ) | |
| Plaintiff, | ) | Judge Beckwith |
| | ) | Magistrate Hogan |
| | ) | |
| -vs- | ) | |
| | ) | |
| **FLOYD LOLLA, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN WHICH TO TAKE THE DEPOSITION OF DEFENDANT FLOYD LOLLA

NOW COMES Plaintiff Jeffery A. Norris ("Plaintiff"), by and through Counsel, and respectfully moves the Court for additional time in which to take the deposition of Defendant Floyd Lolla in this matter. The grounds for this Motion are set forth in the attached Memorandum which is incorporated herein by reference.

Respectfully submitted,

**PRATT & SINGER CO., L.P.A.**
Attorneys for Plaintiff

/s/ James Papakirk
James Papakirk (0063862)
301 North Breiel Blvd.
Middletown, Ohio 45042
(513) 705-9000 (telephone)
(513) 705-9001 (facsimile)

## **MEMORANDUM**

On February 10, 2004, the parties participated in a telephone conference with the Court. During that conference, the Court instructed, and the parties agreed, that Plaintiff would take the deposition of Defendant Floyd Lolla ("Defendant") on or before February 29, 2004. The Court further ordered the parties to participate in a telephone conference on March 15, 2004 to report to the Court. At the time of the telephone conference, Defendant did not voice any objection to the deposition or otherwise suggest that he would not or could not participate.[1]

Based on the telephone conference and the Court's instructions that were later journalized as an Order, Plaintiff immediately made arrangements for a court reporter and issued a Notice to Take the Deposition of Floyd Lolla on February 11, 2004, the day following the telephone conference . The Notice was delivered to Mr. Lolla on February 12, 2004 via overnight delivery in order to insure immediate delivery and sufficient notice. The deposition was scheduled for February 23, 2004 at 1:30 p.m. Given the short time-table, there were very few days in which Plaintiff and his counsel could travel to Indianapolis. Counsel for

---

[1] As the Court may recall, counsel for Plaintiff was scheduled to be out of town from February 29, 2004 to March 11, 2004. During the telephone conference, counsel for Plaintiff requested that Plaintiff have until mid-April to complete the deposition based on his counsel's unavailability. Mr. Lolla expressed a concern that intimated that was too much time and the Court, based on Mr. Lolla's comment, instructed the parties to complete the deposition before February 29, 2004.

Plaintiff made arrangements with a court stenographer to take the deposition at the stenographer's office in downtown Indianapolis.

On or about February 20, 2004, counsel for Plaintiff received a document entitled an Affidavit for the Appointment of Counsel.  During the almost three years of this litigation, this is the first time Defendant has requested or suggested that he wanted counsel.  Further, Mr. Lolla never suggested this at the time of the telephone conference.

Counsel for Plaintiff immediately contacted the Court and spoke with the Magistrate's Courtroom Deputy.  Counsel for Plaintiff explained that he had received a document and that a deposition had already been scheduled.  Counsel was informed that the Court had not received a copy of the document yet and that counsel for Plaintiff should simply proceed to take the deposition and contact the Court if there were any problems.

Prior to the time of the scheduled deposition, counsel's office made attempts to contact Mr. Lolla by telephone to determine status and to address any issues extrajudicially.  In fact, counsel's office contacted the Court to get Mr. Lolla's correct telephone number because the number on file was no longer working.  These attempts to contact Mr. Lolla were unsuccessful; there was no answer.

On February 23, 2004, Plaintiff and his counsel proceeded to travel to Indianapolis, Indiana to attend the scheduled deposition.  Up until that time, counsel neither heard from Mr. Lolla nor received any request for a protective

order; counsel simply received the Affidavit presented by Mr. Lolla. Plaintiff and his counsel appeared at the offices of the court reporter, John Conner & Associates where they were advised that Mr. Lolla stopped by the offices earlier that day, dropped off the Affidavit, and advised that he would not be attending the deposition. Counsel for Plaintiff proceeded to go on the record at approximately 1:50 p.m. A copy of the transcript from that brief appearance is attached hereto as *Exhibit 1*. Counsel for Plaintiff also contacted the Court by telephone at that time to explain the circumstances.

Under the circumstances and, specifically due to Mr. Lolla's failure to appear for the deposition, Plaintiff respectfully requests additional time in which to secure, whether by Court Order or otherwise, Mr. Lolla's compliance and to take his deposition in this matter. Even though Mr. Lolla indicted he would make himself available for a deposition and did not object in any way to the taking of the deposition, he did not appear. In the interest of justice, Plaintiff should have the opportunity to take Mr. Lolla's deposition and Plaintiff respectfully requests that the Court grant him additional time so that he and counsel can take the deposition. Because of the nature of the claims, and Mr. Lolla's anticipated defenses, it is critical that Plaintiff have the opportunity to visually identify Mr. Lolla and to question him concerning evidence in this matter.

As counsel and Plaintiff indicated during the telephone conference, the deposition was imperative in determining whether Plaintiff would proceed with

this suit and, without that opportunity, Plaintiff would be essentially be denied the ability to confront Mr. Lolla with evidence gathered to date.

        Respectfully submitted,

        **PRATT & SINGER CO., L.P.A.**
        Attorneys for Plaintiff

        /s/ James Papakirk
        James Papakirk (0063862)
        301 North Breiel Blvd.
        Middletown, Ohio 45042
        (513) 705-9000 (telephone)
        (513) 705-9001 (facsimile)