UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffery A. Norris,
    Plaintiff

vs                                              Case No. C-1-01-374
                                                  (Dlott, J.; Hogan, M. J.)

Floyd Lolla, et al.,
    Defendants.

**ORDER**

This matter is before the Court on Plaintiff's motion for sanctions (Doc. 43); Plaintiff's motion to compel discovery (Doc. 44); and Plaintiff's motion for discovery for leave to take deposition beyond current deadline (Doc. 49). All three of Plaintiff's motions are unopposed.

**A.    MOTION FOR SANCTIONS (DOC. 43)**

Pursuant to Fed. R. Civ. P. 30(d)(3), Plaintiff requests an award of sanctions, including the reasonable costs and attorneys' fees incurred by Plaintiff in connection with the scheduled deposition of Floyd Lolla wherein Mr. Lolla failed to appear.

Plaintiff's attorney made arrangements to take the deposition of Mr. Lolla on February 23, 2004 at 1:30 p.m. at a court stenographer's office in downtown Indianapolis. On February 23, 2004, Plaintiff and his counsel traveled from Middletown, Ohio to Indianapolis to attend the scheduled deposition. (Doc. 45, Exhibit 1). Plaintiff claims that up until that time, his counsel neither heard from Mr. Lolla nor received any request for a protective order; counsel simply received an Affidavit for Appointment of Counsel presented by Mr. Lolla.

When Plaintiff and his counsel arrived in the court stenographer's office to take Mr. Lolla's deposition, they were advised that Mr. Lolla had stopped by the stenographer's office earlier that day, dropped off the Affidavit, and advised that he would not be attending the deposition.

Fed. R. Civ. P. 30(d)(3) provides as follows:
If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

In the present case, since Mr. Lolla did not attend the deposition, and since he did not give Plaintiff or his attorney notice that he would not be attending the deposition before they traveled to Indianapolis, the Court finds that an award of reasonable attorney's fees and expenses associated with the deposition that was scheduled for February 23, 2004 is appropriate. Plaintiff shall submit an affidavit to the Court, within thirty (30) days of the date of this Order, setting forth the attorney's fees and expenses incurred regarding the deposition for which Mr. Lolla failed to appear.

### B.   MOTION TO COMPEL DISCOVERY (DOC. 44)

Plaintiff requests a Court order compelling Defendant Lolla to appear and give testimony by deposition under oral examination, as contemplated and discussed in the telephone conference with the Court on February 10, 2004.

After the Plaintiff filed his motion to compel discovery, the Court held a telephonic status conference with the parties. Pursuant to the telephonic status conference held on April 15, 2004 before Magistrate Judge Timothy S. Hogan, the deposition of Mr. Lolla was to continue on April 19, 2004 at 2:00 p.m. by telephone. The Defendant was to remain in his home for the deposition, while Plaintiff's counsel was to remain in his office and have the court reporter with him for the duration of the deposition. (Doc. 52).

Therefore, since it has previously been decided that the deposition of Mr. Lolla was to continue on April 19, 2004, the Court will deny Plaintiff's motion to compel discovery as moot.

### C.   PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT FLOYD LOLLA BEYOND THE CURRENT DEPOSITION DEADLINE (DOC. 49)

On March 1, 2004, the Court issued an order granting Plaintiff's motion for extension of time to take the deposition of the Defendant. (Doc. 47). Pursuant to that order, the Plaintiff had through and including March 31, 2004 to take Mr. Lolla's deposition.

On March 25, 2004, Mr. Lolla agreed to submit to a deposition. However, he could not submit to it before March 31, 2004 because of his father's advanced age and poor health. Therefore, the deposition of Mr. Lolla was then scheduled for April 2, 2004, the earliest available date for both parties. Plaintiff then filed his motion for an extension of time to take the deposition of the Defendant on April 2, 2004.

During the telephonic status conference held with the Court on April 15, 2004, the parties explained to the Court that when Mr. Lolla appeared to have his deposition taken on April 2, 2004, he fell ill, and the deposition was therefore not completed. Thus, Magistrate Judge Timothy S. Hogan stated in the status conference that the deposition should continue on April 19, 2004, as discussed in the previous section.

Since it has previously been decided that the deposition of Mr. Lolla was to continue on

April 19, 2004, the Court will deny Plaintiff's motion for leave to take the deposition of Defendant Lolla beyond the current deposition deadline, because it is moot.

**IT IS THEREFORE ORDERED THAT:** 1) Plaintiff's motion for sanctions be GRANTED, and Plaintiff shall submit an affidavit to the Court, within thirty (30) days of the date of this Order, setting forth the attorney's fees and expenses incurred regarding the February 23, 2004 deposition for which Defendant failed to appear; 2) Plaintiff's motion to compel discovery be DENIED AS MOOT; and 3) Plaintiff's motion for leave to take the deposition of Defendant Lolla beyond the current deposition deadline be DENIED AS MOOT.

May 7, 2004                                                             S/Timothy S. Hogan
Date                                                                         Timothy S. Hogan
                                                                                 United States Magistrate Judge