IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

| | | |
|---|---|---|
| JEFFERY A. NORRIS, | ) | Case No. C-1-01-374 |
| | ) | |
| Plaintiff, | ) | Judge Dlott |
| | ) | Magistrate Hogan |
| -vs- | ) | |
| | ) | |
| FLOYD LOLLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT ORDER

This matter came before the Court upon Plaintiff's Complaint against Defendant Floyd Lolla, and Defendant Floyd Lolla's Entry of Appearance in this matter. Both Plaintiff and Defendant Floyd Lolla were represented by counsel, and having agreed to the resolution of all claims, wish to enter into a Consent Judgment Order, stipulating judgment against Defendant Floyd Lolla, as follows:

A. Judgment shall be entered in favor of Plaintiff Jeffery A. Norris and against Defendant Floyd Lolla in the amount of $8,450.00.

B. Plaintiff is entitled to a permanent injunction against Defendant Floyd Lolla, and Defendant Floyd Lolla shall be permanently restrained from using the name, personal information, social security number, and likeness of Jeffery A. Norris for any and all purposes.

C. Defendant Floyd Lolla shall, within thirty (30) days of the journalization of this Order, disgorge to Plaintiff any and all documents in his possession that relate to or contain

information as to the identities of others who may have used or appropriated Plaintiff's name, personal information, social security number, and the like.

D.   In order to satisfy the Judgment, Defendant Floyd Lolla shall pay to Plaintiff Jeffery A. Norris, in care of his attorney, the sum of $110.42 per month, for twenty-four (24) consecutive calendar months, commencing on November 15, 2005. If Mr. Lolla makes each of these payments on or before the fifteenth day of each month for the next twenty-four (24) calendar months, this Judgment shall be deemed satisfied. Defendant Lolla shall also have sixty (60) days from the date each payment is due to cure any failure to timely make a payment. Should Defendant Lolla fail to make any of the payments as provided herein, then Plaintiff shall be entitled to judgment for the full unpaid amount of the judgment. Defendant Lolla may pre-pay all or any portion of the payments set forth herein.

E.   Time shall be made of the essence in this agreement, and the time provisions for payment shall be strictly enforced.

F.   Plaintiff Jeffery A. Norris shall be entitled to certify a judgment in the amount of $8,450.00 against Defendant Floyd Lolla immediately, and said judgment may be certified and placed of record in any place where Defendant Floyd Lolla has or maintains property. However, Plaintiff Jeffery A. Norris shall not execute or foreclose on said judgment so long as Defendant Floyd Lolla is making the payments as described herein. Plaintiff Jeffery A. Norris shall take all necessary steps to release any certified judgment in the event that Defendant Floyd Lolla makes all of his payments on time and this Judgment is satisfied.

The Court finds this to be the agreement of the parties, and adopts it as the Order of the Court, so that the parties are hereby ordered to abide by the foregoing terms.

IT IS SO ORDERED.

*[signature]*
Judge Susan J. Dlott
United States District Judge

AGREED:

PRATT SINGER PAPAKIRK
A Legal Professional Association
*Attorneys for Plaintiff Jeffery A. Norris*

*[signature]*
James Papakirk (0063862)
301 N. Breiel Boulevard
Middletown, Ohio 45042-3868
(513) 705-9000 (telephone)
(513) 705-9001 (facsimile)
jpapakirk@psplegal.com

DISMORE & SHOHL LLP
*Attorneys for Defendant Floyd Lolla*

*[signature]*
Peter A. Draugelis (0072841)
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8415 (telephone)
(513) 977-8141 (facsimile)
peter.draugelis@dinslaw.com

Plaintiff

*[signature]*
Jeffery A. Norris

*Defendant*

*[signature]*
Floyd Lolla
1912 North Gent
Indianapolis, IN 46202